# EXHIBIT C



Littler Mendelson, PC
One International Place
Suite 2700
Boston, MA 02110

March 13, 2015

Adam P. Forman
617.378.6007 direct
617.378.6000 main
617.249.0128 fax
aforman@littler.com

**Via Overnight Mail & First Class Mail**

Mr. Frank Traut
21 Rocky Pond Road
Brookline, NH 03033

Re: **Cease & Desist**

Dear Mr. Traut:

This firm has been retained by Analog Devices, Inc. ("Analog" or the "Company") to demand the immediate return of the confidential, proprietary and trade secret information ("Confidential Information") you misappropriated from the Company.

We have been advised that at the time of your departure from Analog on February 6, 2015, you were employed as a Product Line Manager. In this role, you had access to, and were entrusted with, Confidential Information about the Company's products and customers. The disclosure of this information to, or the use of this information for the benefit of, a competitor of the Company would cause Analog to suffer irreparable and grievous injury.

For this reason, the Employment Agreement you signed as a condition of employment with the Company forbids the unauthorized disclosure and/or use of Confidential Information, and the Agreement provides damages and injunctive relief to the Company as remedies if you ignore your legal obligations. A copy of your signed Employment Agreement is attached.

Despite the foregoing commitment, Analog has discovered that prior to your resignation you secretly downloaded and removed Confidential Information. The Company has determined that you copied files onto a removable storage device just prior to your departure. There was no legitimate business reason for you to have taken this action. As a result, you now work for a competitor and continue to possess Analog's most sensitive product information.

This conduct violates your contractual obligations under the Agreement. Analog will not tolerate such unlawful and predatory trade practices.

Accordingly, I am writing to inform you that Analog has authorized the filing of suit against you and your new employer should you fail to follow the demands set out below. The Company will take any and all action that is necessary to protect and enforce its legal rights and interests, including petitioning a court for injunctive relief to prevent the continued unauthorized possession of its Confidential Information and the misuse of this sensitive information.

March 13, 2015
Page 2

Given the gravity of Analog's concerns, it demands that you provide sworn confirmation (i.e., a notarized written statement signed subject to the pains and penalties of perjury) no later than March 19, 2015, confirming the following:

      1.    That you have deleted or otherwise permanently destroyed all of Analog's Confidential Information (and all copies thereof in whatever format), including, without limitation, all of the content you copied onto the removable storage drive.

      2.    That you have not transferred or otherwise disclosed to a third party, including your current employer, any of Analog's Confidential Information.

      3.    That you have not used Analog's Confidential Information for any purpose since accepting employment with your current employer or since the date of your resignation from employment with Analog.

      4.    That you will abide by your non-disclosure and confidentiality obligations to Analog going forward as set out in your Employment Agreement.

\* \* \*

If you fail to comply with the foregoing demands by the March 19, 2015 deadline, Analog plans to take legal action and the preservation of evidence requirements set out below will then apply to you.

**NOTICE TO PRESERVE EVIDENCE**

This correspondence places you on notice of threatened litigation against you. **PLEASE BE ADVISED THAT FROM THIS DATE FORWARD**, consistent with your obligations and duties to preserve evidence, you are required to immediately preserve, maintain and protect in their present state from destruction, modification or alteration, any documents, data, software and things that relate to the matters raised in this letter, as well as any other documents, data, software and things that you know, or reasonably should know, are relevant to the matters raised in this letter.

"Documents" and "electronically stored information" ("ESI") include all information in paper or electronic form, including, but not limited to, notebooks, memoranda, diaries, facsimiles, journal entries, email, electronic documents, SMS/MMS text messages, databases, calendars, reports, microfiche, notes, electronic tapes, spreadsheets, accounting and financial data, images, Power Points, presentations, meeting materials, agendas, .pdf or .nsf files, instant messages and include both active and archived files.

**PLEASE BE ADVISED THAT TO COMPLY WITH THE DUTY TO PRESERVE EVIDENCE,** you should ensure that you immediately cease any process, practice or procedure that might destroy, purge, erase, delete or alter documents, data and/or information, including ESI, that

March 13, 2015
Page 3

are or may be relevant to the issues raised in this letter, including without limitation any routine process, practice or procedure, that might lead to the destruction of documents and/or the deletion, automatic overwriting, reformatting or purging of information stored in electronic formats, such as computer disks, hard drives, servers, e-mail accounts, thumb or flash drives, databases, PDAs and blackberries, backup tapes and similar electronic storage devices.

**PLEASE ALSO BE ADVISED THAT** any failure to comply with the duty to preserve relevant evidence could result in sanctions being levied against you in any litigation that is filed.

Sincerely,

Adam P. Forman

Attachments: Employment Agreement
APF/ack
cc:  Kevin P. Lanouette, Esq.
cc:  Mr. John Croteau, CEO, M/A-Com Technology Solutions Holdings, Inc.,



# EMPLOYEE CONFIDENTIALITY
# AND DEVELOPMENTS AGREEMENT
# HITTITE ACQUISITION

This agreement, dated __Sept 3rd 2014__, is between Analog Devices, Inc. (ADI, as further defined below) and __Frank A Trout__ and is effective as of the first date of my employment with ADI, even if signed after such date. By signing this Agreement, I confirm that I have not engaged in conduct during my employment with Hittite Microwave Corporation and subsidiaries thereof (together, "Hittite") that violated my Proprietary Information, Confidentiality, and Inventions Agreement with Hittite (the "PICIA"). In consideration of my employment or the continuation of my employment by ADI and other valuable consideration, the receipt and sufficiency of which consideration I hereby acknowledge, I agree as follows:

1. I will not, during or after the term of my employment, disclose to any person, firm, corporation, association or other entity for any reason or purpose whatsoever any Confidential Information or any information of any third party which ADI is under an obligation to keep confidential, except (i) as expressly directed by ADI, or (ii) as may be required in the ordinary course of performing my duties as an employee of ADI in accordance with ADI's policies. I will not make use of any Confidential Information for my own purposes or for the benefit of any person, firm, corporation or other entity under any circumstances during or after the term of my employment. These confidentiality obligations will remain in effect during the term of my employment and for as long as the information fits within the definition of Confidential Information, except as otherwise provided by applicable law. All Confidential Information is and will remain the sole and exclusive property of ADI or the third party supplier of such Confidential Information, and immediately upon the termination of my employment, I will return all Confidential Information and copies of Confidential Information in my possession or control to ADI. (References to "ADI" in this Agreement are to Analog Devices, Inc. and its subsidiaries, including Hittite from and after its acquisition (the "Acquisition"), except as otherwise specified below.)

2. I agree that I will not, without an appropriate United States export license or approval, release any technology or the direct product of technology that is subject to the U.S. Export Administration Regulations to a country or a national of any country identified in Country Groups D:1 or E on the attached country listing. I agree that I will not, without an appropriate U.S. State Department license or approval, release any technology or the direct product of technology that is subject to the U.S. International Traffic in Arms Regulations to any non-U.S. person. I understand that disclosing technical data to a non-US person may be an "export" even if the disclosure takes place within the United States. The obligations set forth in this section are independent, and will survive the termination, of this and any other agreements between ADI and me.

3. I will communicate promptly and disclose to ADI all information, details and data pertaining to any Company Creations. I will execute and deliver to ADI any formal transfers or assignments, and will give such testimony as may be deemed necessary or required of me by ADI, to develop, preserve or extend ADI's rights relating to any Company Creations or to permit ADI to file and prosecute patent applications, copyright applications and/or mask work registrations. As to copyrightable material, I agree to assist ADI with any applicable copyright registrations for that material. I irrevocably appoint each officer of ADI as my attorney-in-fact to execute on my behalf any assignments or other documents deemed by such officer to be reasonably necessary to protect or perfect its rights to any Company Creations.

Revision: July 2014  Page 1 of 7



# EMPLOYEE CONFIDENTIALITY
# AND DEVELOPMENTS AGREEMENT
# HITTITE ACQUISITION

4. I hereby transfer and assign to ADI my entire right, title and interest in and to all Company Creations made, discovered, invented, authored, created, developed, originated or conceived by me, solely or jointly, during the term of my employment with ADI and/or Hittite, whether before or after the Acquisition. I acknowledge that all Company Creations are the exclusive property of ADI. I acknowledge that all copyrightable materials developed or produced by me within the scope of my employment by ADI and/or Hittite, whether before or after the Acquisition are either works made for hire, as defined in the United States Copyright Act, 17 U.S.C. § 101, for the benefit of ADI or are covered by the transfer and assignment in this section. I acknowledge that I bear the burden to prove that any Development did not arise out of an Included Activity. ADI may use any of my recommendations, information, approaches, suggestions, concepts, ideas, or Developments without compensation beyond my normal compensation as an employee. I understand that, if applicable state or national law prevents an agreement from assigning to the employer certain classes of inventions made by an employee, this Section 4 will be interpreted not to apply to any invention that a court rules and/or ADI agrees falls within such classes. This Section 4 does not apply to Personal Inventions (as defined below). I hereby also waive all claims to moral rights in any Company Creations.

5. Set forth below (and continued on a separate sheet if space requires) is a list of all ideas, concepts, developments, inventions or other materials made by me before my employment with ADI commenced that I desire to exclude from this Agreement ("Excluded Developments"). I represent that if no such list is included, there are no Excluded Developments.

6. During the term of my employment with ADI, I will devote my full business time and best efforts to the business of ADI and I will not engage in, be employed by or render services to any other business, company, person or firm which is engaged in business or activity similar to or competitive with that of ADI, unless such employment or services have been pre-approved by ADI in writing.

7. At no time during the term of my employment with ADI will I own more than 1% of the equity of, be a sole proprietor or partner of, or derive any financial benefit (other than from equity ownership of less than 1%) from any corporation, partnership or other business organization engaged in activities similar to or competitive with those of ADI, unless that ownership or interest has been pre-approved by ADI in writing.

8. Definitions.

    a. Confidential Information: Information as may be designated by ADI as confidential or that a reasonable person would understand from the circumstances of the disclosure to be confidential, including but not limited to: (a) all information acquired by me from ADI, its other employees, its suppliers or customers, its agents or consultants, or others, during my employment by ADI, that relates to the past, present or potential businesses, products or services of ADI; (b) all information created or acquired by me in the course of any Included Activity; (c) all Company Creations; and (d) all information derived from (a) - (c) above. Notwithstanding the foregoing, Confidential Information shall not include any information that is or becomes generally known to the public through no action by me.

    b. Company Creation: Any Development that arises out of any Included Activity.



# EMPLOYEE CONFIDENTIALITY
# AND DEVELOPMENTS AGREEMENT
# HITTITE ACQUISITION

    c. <u>Development</u>: Any idea, discovery, design, improvement, layout, invention (including without limitation any discovery of new technology and any improvement to existing technology), know-how, formula, data, technique, innovation, writing, work of authorship, documentation, compilation and other development, improvement or intellectual property, whether or not patented or patentable, copyrightable, or reduced to practice or writing. The term "Development" does not apply to any development (a "<u>Personal Invention</u>") for which no equipment, supplies, facilities or trade secret or Confidential Information of ADI was used, and which was developed entirely on my own time unless (a) the Development relates: (i) to the actual or anticipated business of ADI; or (ii) to ADI's actual or demonstrably anticipated research or development or (b) the Development results from any work performed by me for ADI.

    d. <u>Included Activity</u>: Any activity conducted by, for or under the direction of ADI, whether or not conducted at ADI's facilities, during working hours or using ADI's resources, or which relates directly or indirectly to (a) the business of ADI as then operated or under consideration or development, (b) any of the products or services of ADI or under consideration or development, or (c) any method, program, computer software, apparatus, design, plan, model, specification, formulation, technique, process (including, without limitation, any business processes and any operational processes), mask work, or device, then purchased, sold, leased, used or under consideration or development by ADI. All references to "ADI" in this definition include Hittite both before and after the Acquisition.

9. I understand and acknowledge that my employment with ADI is for an unspecified duration and constitutes "at will" employment. I acknowledge that my employment relationship may be terminated at any time, with or without cause or for any or no cause, at the option of ADI or me, with or without notice.

10. I acknowledge that ADI from time to time may have agreements with other persons or with the United States government or agencies thereof, or other governments or governmental agencies, that impose obligations or restrictions on ADI regarding inventions made during the course of work under such agreements or regarding the confidential nature of such work. I agree to be bound by all such obligations and restrictions that are made known to me and to take all action necessary to discharge the obligations of ADI under such agreements.

11. I represent that I am not a party to, or bound by the terms of, any agreement with any previous employer, or other party to refrain from using or disclosing any trade secret or confidential or proprietary information in the course of my employment with ADI or to refrain from competing, directly or indirectly, with the business of any previous employer or any other party. I further represent that the performance of all the terms of this Agreement and my performance as an employee of ADI does not and will not breach any agreement to keep in confidence proprietary information, knowledge or data acquired by me in confidence or in trust prior to my employment with ADI, and I will not disclose to ADI or induce ADI to use any confidential or proprietary information or material belonging to any previous employer or others. I have not entered into, and I agree not to enter into, any agreement, either written or oral, in conflict with the terms of this Agreement. This Section 11 does not apply to the PICIA.

12. No delay or omission by ADI in exercising any right under this Agreement will operate as a waiver of that or any other right. Any waiver by ADI of a breach of any provision of this Agreement will



# EMPLOYEE CONFIDENTIALITY
# AND DEVELOPMENTS AGREEMENT
# HITTITE ACQUISITION

not operate or be construed as a waiver of any subsequent breach of that provision or any other provision of this Agreement.

13. This Agreement will be governed by and construed in accordance with the internal laws of the Commonwealth of Massachusetts. Any claims or legal actions by one party against the other arising out of the relationship between the parties contemplated in this Agreement (whether or not arising under this Agreement) will be governed by the laws of the Commonwealth of Massachusetts and will be commenced and maintained exclusively in any state or federal court located in the Commonwealth of Massachusetts, and both parties submit to the jurisdiction and venue of any such court.

14. The restrictions contained in this Agreement are necessary for the protection of the business and goodwill of ADI and are considered by me to be reasonable for that purpose. I agree that any breach of this Agreement is likely to cause ADI substantial and irrevocable damage and therefore, in the event of any breach, I agree that ADI, in addition to any other remedies which may be available, will be entitled to specific performance and other injunctive relief, without any requirement of posting a bond or showing monetary injury. I hereby waive the adequacy of a remedy at law as a defense to such relief. I acknowledge that my obligations under this Agreement are in addition to, and do not limit, any and all obligations concerning the same subject matter arising under any applicable law including, without limitation, common law duties of loyalty and common law and statutory law relating to trade secrets.

15. Any reference to ADI in this Agreement includes ADI, its subsidiaries and affiliates, and their respective successors and assigns. This Agreement is intended to benefit each and every subsidiary, affiliate or business unit of ADI for which I perform services, for which I have customer contact or about which I receive Confidential Information and may be enforced by any such entity. I agree and intend to create a direct, consequential benefit to ADI regardless of the ADI entity with which I am affiliated on the last day of my employment or relationship with ADI.

16. This Agreement may be modified only by an agreement in writing signed by a duly authorized officer of ADI.

17. The provisions of this Agreement are severable and if any provision of this Agreement is found by any court to be unenforceable, in whole or in part, the remainder of this Agreement as well as the provisions of my prior agreement with ADI, if any, regarding the same subject matter as that which was found unenforceable herein shall nevertheless be enforceable and binding on the parties. I also agree that the trier of fact may modify any invalid, overbroad or unenforceable term of this Agreement so that such term, as modified, is valid and enforceable under applicable law.

18. I acknowledge that this Agreement will survive the termination of my employment regardless of the manner of such termination. This entire Agreement will be binding upon my heirs, executors or other legal representatives or assigns. The rights and/or obligations herein may only be assigned by ADI, may be assigned without my consent and shall bind and inure to the benefit of ADI, its successors and assigns. If ADI makes any assignment of the rights and/or obligations herein or transfers my employment or relationship within ADI, I agree that this Agreement shall remain binding upon me. Notwithstanding the language in this Section 18, in connection with and as a condition of any assignment or transfer of my employment or relationship, ADI, a successor, or assignee of ADI shall have the right to terminate this Agreement and request me to sign a new agreement covering similar subjects. I acknowledge and agree that any change in my position or



# EMPLOYEE CONFIDENTIALITY
# AND DEVELOPMENTS AGREEMENT
# HITTITE ACQUISITION

title with ADI shall not cause this Agreement to terminate and shall not cause any change in my obligations under this Agreement.

19. All notices required or permitted under this Agreement must be in writing and will be deemed effective upon personal delivery or five business days following deposit in a United States Post Office, by certified mail, postage prepaid, or three business day after it is sent for next-business day delivery via a reputable nationwide or international overnight courier service in the case of notice to ADI at its then principal headquarters and in the case of notice to me to the then current address on file with ADI. Either party may change the address to which notices are to be delivered by giving notice of such change to the other party in the manner set forth in this Section 19.

Signatures on Following Page



# EMPLOYEE CONFIDENTIALITY
# AND DEVELOPMENTS AGREEMENT
# HITTITE ACQUISITION

AGREED TO:

ANALOG DEVICES, INC.

By:

Name:

Title:

EMPLOYEE:

By: *[signature]*

Name: Frank A Trout

Address: 25 Rocky Pond Rd, Brookline, NH, 03033



# EMPLOYEE CONFIDENTIALITY AND DEVELOPMENTS AGREEMENT HITTITE ACQUISITION

**US Export Administration Regulations (US EAR)**
**Embargoed/Restricted Countries**

Note: This list may change from time to time.

### COUNTRY GROUPS D1 and E

Armenia
Azerbaijan
Belarus
Burma (a/k/a Myanmar)
Cambodia
China (PRC)
Cuba*
Georgia
Iran*
Iraq
Kazakhstan
Korea, North*
Kyrgyzstan
Laos
Libya
Macau
Moldova
Mongolia
Russia
Sudan*
Syria*
Tajikistan
Turkmenistan
Ukraine
Uzbekistan
Vietnam
* = Group E countries