# EXHIBIT H

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/327,944 | 07/10/2014 | Keith Benson | ADHIT.029C1 | 5507 |

110833          7590          04/29/2015
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

| EXAMINER |
|---|
| CHOE, HENRY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2842 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/29/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

jayna.cartee@knobbe.com
efiling@knobbe.com

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 14/327,944 | BENSON, KEITH |
| | **Examiner** | **Art Unit** | **AIA (First Inventor to File) Status** |
| | HENRY CHOE | 2842 | No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

### Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

### Status

1) ☒ Responsive to communication(s) filed on <u>12/17/14</u>.
   - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

### Disposition of Claims*

5) ☒ Claim(s) <u>17-36</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>17-36</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

### Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

### Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>8/4/14, 12/17/14, 3/11/15</u>.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

The present application is being examined under the pre-AIA first to invent

provisions.

## DETAILED ACTION

### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees.  A nonstatutory double

patenting rejection is appropriate where the claims at issue are not identical, but at least

one examined application claim is not patentably distinct from the reference claim(s)

because the examined application claim is either anticipated by, or would have been

obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d

1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir.

1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*,

686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619

(CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on a nonstatutory

double patenting ground provided the reference application or patent either is shown to

be commonly owned with this application, or claims an invention made as a result of

activities undertaken within the scope of a joint research agreement. A terminal

disclaimer must be signed in compliance with 37 CFR 1.321(b).

Application/Control Number: 14/327,944                                        Page 3
Art Unit: 2842

The USPTO internet Web site contains terminal disclaimer forms which may be used.  Please visit http://www.uspto.gov/forms/.  The filing date of the application will determine what form should be used.  A web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and approved immediately upon submission.  For more information about eTerminal Disclaimers, refer to http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

Claims 17-36 are rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-15 of U.S. Patent No. 8,786,368. Although the claims at issue are not identical, they are not patentably distinct from each other because the current (child case) claim limitations are merely broader recitations of the parent case recitations.


### Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Henry Choe whose telephone number is (571) 272-1760.

/HENRY CHOE/

Primary Examiner, Art Unit 2842

#2130