# EXHIBIT A
## [REDACTED]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANALOG DEVICES, INC. and HITTITE MICROWAVE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. and MACOM TECHNOLOGY SOLUTIONS INC.,<br><br>Defendants. | Civil Action No.: 1:18-cv-11028-GAO |

**PLAINTIFFS ANALOG DEVICES, INC. AND HITTITE MICROWAVE LLC'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
FROM DEFENDANTS MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC.
AND MACOM TECHNOLOGY SOLUTIONS INC. (NOS. 1-8)**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Analog Devices, Inc. and Hittite Microwave LLC (collectively, "Analog") hereby submit their First Set of Requests for Production of Documents and Things to Defendants MACOM Technology Solutions Holdings, Inc. and MACOM Technology Solutions Inc. (collectively, "MACOM"). Analog requests that MACOM produce, or make available for inspection and copying, all documents and things responsive to the requests set forth below at the offices of Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110.

Certain confidential information in this document is protected under the default protective order pursuant to Local Rule 16.6(d)(6), and is designated as such where appropriate.

1

## INSTRUCTIONS

1. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26 and 34. MACOM shall serve supplemental responses promptly after receiving any further information relevant and responsive to these requests.

2. These requests require the production of documents in the same form and same order as they are kept in the usual course of business.

3. If any responsive document, thing, or electronically stored information has been destroyed, describe the contents of the document or thing, the date of its destruction, and the name of the person who authorized its destruction.

4. If no documents are responsive to a particular request, state that no responsive documents exist.

## DEFINITIONS

1. The definitions set forth in Local Rule 26.5 are hereby incorporated by reference.

2. The term "Analog" means Analog Devices, Inc. and its wholly owned subsidiary Hittite Microwave LLC (and its predecessor Hittite Microwave Corporation), and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

3. The term "MACOM" means MACOM Technology Solutions Inc. and MACOM Technology Solutions Holdings, Inc., individually and collectively, and where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

4. The term "MAAP-011247" refers to MACOM's MAAP-011247 and MAAP-011247-DIE products.

5.     The term "communication[s]" as used herein means and refers to any transmission of information, in any form, via any medium, including, without limitation, letters, memoranda, notes and messages, whether printed, typed or handwritten, including but not limited to all electronic modes of correspondence such as electronic mail and faxes, and including documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations, electronic communications, telegraphic communications, or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

6.     The term "concerning" as used herein means (in addition to its usual meaning) mentioning, involving, defining, covering, describing, evidencing, constituting, pertaining to, reflecting, referring to, relating to or having any connection with the matter discussed.

7.     The terms "document[s]" or "documentation" shall encompass at a minimum the meaning and scope of that term as used in Fed. R. Civ. P. 34, and includes the terms "writings and recordings," "photographs," "originals," and "duplicates" as defined in Fed. R. Evid. 1001, and is used in its customarily broad sense to include, without limitation, the following items, whether printed, recorded, stored or saved electronically, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal:  letters; memoranda; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); correspondence; summaries or records of personal conversations; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigations; opinions or reports of consultants; patent

3

appraisals; opinions of counsel; reports of or summaries of either negotiations within or without the corporation or preparations for such; brochures; manuals; pamphlets; advertisements; circulars; press releases; drafts of any documents; memoranda; books; instruments; accounts; bills of sale; invoices; tapes; electronic communications, including but not limited to emails; telegraphic communications and all other material of any tangible medium of expression; and original or preliminary notes. The terms "document[s]" or "documentation" shall also encompass electronically stored information and tangible things. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

8. The connectives "and" and "or" are to be interpreted inclusively so as not to exclude any information otherwise within the scope of any examination subject matter.

9. The terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

10. The use of the singular form of any word shall include the plural and vice versa.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

Documents relating to the reasons for and circumstances surrounding MACOM's decisions to include the design elements of MAAP-011247 labeled in the photographs of MAAP-011247 provided below – specifically: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – including but not limited to documents showing the earliest date such design decisions were considered by MACOM, and the identities and roles of all MACOM employees having input into such decisions.



**REQUEST NO. 2**

Documents relating to MACOM's sales or attempted sales of MAAP-011247 to ▉ ▉ other actual or potential customers MACOM knew or believed likely to have purchased Analog's HMC998 or Analog's HMC998A, including but not limited to documents sufficient to show the earliest dates such contacts were contemplated by MACOM, the identities and roles of MACOM employees having input into contact with such customers or potential customers, and all documents sent to, received from, or otherwise shared with each such customer or potential customer relating to MAAP-011247.

**REQUEST NO. 3**

Any and all documents written, authored, edited or shared by Frank Traut, Thomas Winslow, or George Papamitrou with anyone at MACOM concerning Analog's HMC998, Analog's HMC998A, or MACOM's MAAP-011247 and/or any derivative or related products thereof sharing a similar architecture, production issues concerning such products, or customer opportunities concerning such products.

**REQUEST NO. 4**

Any and all meeting notes reflecting activities and discussions at any meeting at which Frank Traut, Thomas Winslow, or George Papamitrou were present, or which mention any of them in the body of the text, relating to Analog's HMC998, Analog's HMC998A, or MACOM's MAAP-011247 and/or any derivative or related products thereof sharing a similar architecture.

**REQUEST NO. 5**

Documents, including schematics, photographs, and engineering drawings, concerning the structure, function, and operation of MAAP-011247, including but not limited to documents

detailing the structure, orientation in the circuit, and connections within the circuit, of the various transistors, resistors, and capacitors, used in MAAP-011247.

**REQUEST NO. 6**

All product management timelines, and/or other documents reflecting the timeline of development of MAAP-011247, including documents reflecting when the products that became MAAP-011247 (1) were first proposed for development, (2) were approved for development, (3) were designed, (4) were first sent out for fabrication, (5) were received from fabrication and initially tested, included all related prototype phases, and (6) were finalized and released to market.

**REQUEST NO. 7**

Documents concerning MACOM's current research, development, sales and marketing efforts related to gallium arsenide wideband power amplifiers products which have not yet been released to the market.

**REQUEST NO. 8**

Documents concerning any steps MACOM took to protect against disclosure of Analog trade secrets to MACOM, or use of Analog trade secrets by MACOM, after arrival at MACOM of Frank Traut, Thomas Winslow, and/or George Papamitrou.

Dated:  June 29, 2018

Respectfully submitted,

**ANALOG DEVICES, INC. and
HITTITE MICROWAVE LLC**

By their attorneys,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO No. 542531)
Kimberly A. Mottley (BBO No. 651190)
Safraz W. Ishmael (BBO No. 657881)
Kimberly Q. Li (BBO No. 698488)
**PROSKAUER ROSE LLP**
One International Place
Boston, Massachusetts 02110-2600
(617) 526-9600 *telephone*
(617) 526-9899 *facsimile*
sbauer@proskauer.com
kmottley@proskauer.com
sishmael@proskauer.com
kli@proskauer.com