# EXHIBIT B

## [REDACTED]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANALOG DEVICES, INC. and HITTITE MICROWAVE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. and MACOM TECHNOLOGY SOLUTIONS INC.,<br><br>Defendants. | Civil Action No.: 1:18-cv-11028-GAO |

**PLAINTIFFS ANALOG DEVICES, INC. AND HITTITE MICROWAVE LLC'S
FIRST SET OF INTERROGATORIES
TO DEFENDANTS MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC.
AND MACOM TECHNOLOGY SOLUTIONS INC. (NOS. 1-3)**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Analog Devices, Inc. and Hittite Microwave LLC hereby request that Defendants MACOM Technology Solutions Holdings, Inc. and MACOM Technology Solutions Inc. respond to each of the interrogatories set forth below in writing.

Certain confidential information in this document is protected under the default protective order pursuant to Local Rule 16.6(d)(6), and is designated as such where appropriate.

## **INSTRUCTIONS**

1.      You should fully answer each of the following interrogatories separately, in writing and under oath. You should include in your responses all information within your possession, custody, or control. When any word defined below is used in a discovery request, please refer to

1

its definition as given in that section for its meaning, unless otherwise specifically limited by the language or context of the specific discovery request. If you believe that any terms are vague and/or ambiguous, please call Analog's counsel to discuss.

2. Unless otherwise indicated, the use in these interrogatories of the name of any party, person, or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint ventures, representatives, attorneys and all other persons acting on behalf of the subject party, person or business organization.

3. These interrogatories are intended to include all documents and information in your possession or subject to your custody or control whether directly or indirectly. Documents or information shall be deemed to be within your possession, custody or control if:

    a. It is within your actual knowledge or possession;

    b. It is in your physical control or ownership;

    c. It is within the knowledge, custody, or control of any other person or entity and you could obtain the document or information upon conducting a reasonable inquiry; or

    d. It is in the physical control of any other person, and you:

        i. own the document or information in whole or in part;

        ii. have a right by contract, statute or otherwise to use, inspect, examine or copy such document or information on any terms; or

        iii. have as a practical matter, been able to use, inspect, examine or copy such document or information when you have sought to do so.

4. Where interrogatories cannot be answered in full, they shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the

reasons for the incompleteness of the answer and of whatever knowledge, information, or belief is possessed with respect to each unanswered or incompletely answered interrogatory.

5.  In each instance where you answer an interrogatory on information and belief, please set forth the basis for such information and belief.

6.  These interrogatories are intended to be continuing in nature.  In the event that any information or material comes to your attention, possession, custody or control, or the attention, possession, custody or control of your associates or your attorneys, subsequent to the filing of your response(s), which material or information is responsive to any interrogatories, you are required to furnish said additional information or material to the opposing attorney as soon as possible or, otherwise, as required by Fed. R. Civ. P. 26(e).

7.  In those instances where you choose to answer an interrogatory by referring to a specific document or record, it is requested that the specification be in sufficient detail to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the interrogatories.

## **DEFINITIONS**

1.  The definitions set forth in Local Rule 26.5 are hereby incorporated for reference.

2.  The term "Analog" means Analog Devices, Inc. and its wholly owned subsidiary Hittite Microwave LLC (and its predecessor Hittite Microwave Corporation), and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

3.  The term "MACOM" means MACOM Technology Solutions Inc. and MACOM Technology Solutions Holdings, Inc., individually and collectively, and where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

4. The term "MAAP-011247" refers to MACOM's MAAP-011247 and MAAP-011247-DIE products.

5. The term "communication[s]" as used herein means and refers to any transmission of information, in any form, via any medium, including, without limitation, letters, memoranda, notes and messages, whether printed, typed or handwritten, including but not limited to all electronic modes of correspondence such as electronic mail and faxes, and including documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations, electronic communications, telegraphic communications, or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

6. The term "concerning" as used herein means (in addition to its usual meaning) mentioning, involving, defining, covering, describing, evidencing, constituting, pertaining to, reflecting, referring to, relating to or having any connection with the matter discussed.

7. The terms "document[s]" or "documentation" shall encompass the meaning and scope of that term as used in Fed. R. Civ. P. 34, and includes the terms "writings and recordings," "photographs," "originals," and "duplicates" as defined in Fed. R. Evid. 1001, and is used in its customarily broad sense to include, without limitation, the following items, whether printed, recorded, stored or saved electronically, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal: letters; memoranda; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); correspondence; summaries or records of personal conversations; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of

4

policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigations; opinions or reports of consultants; patent appraisals; opinions of counsel; reports of or summaries of either negotiations within or without the corporation or preparations for such; brochures; manuals; pamphlets; advertisements; circulars; press releases; drafts of any documents; memoranda; books; instruments; accounts; bills of sale; invoices; tapes; electronic communications, including but not limited to emails; telegraphic communications and all other material of any tangible medium of expression; and original or preliminary notes. The terms "document[s]" or "documentation" shall also encompass electronically stored information and tangible things. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

8. The connectives "and" and "or" are to be interpreted inclusively so as not to exclude any information otherwise within the scope of any examination subject matter.

9. The terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

10. The use of the singular form of any word shall include the plural and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify and describe the reasons for and circumstances surrounding MACOM's decisions to include the design elements of MAAP-011247 labeled in the photographs of MAAP-011247 provided below – specifically: ████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████ –

including identification of the earliest date such design decisions were considered by MACOM, identities of any and all MACOM employees having input into such decisions, and identification of documents sufficient to demonstrate such decisions.

[REDACTED IMAGE]



7

**INTERROGATORY NO. 2**

Identify all customers or potential customers MACOM approached, or considered approaching, concerning MAAP-011247, and the details of such interactions, including but not limited to identification of the date of such approaches, sales quantities and prices discussed, and identification of all MACOM employees involved in the customer interaction and their roles therein.

**INTERROGATORY NO. 3**

Identify any and all gallium arsenide wideband or distributed power amplifier products that (1) MACOM has under development but which have not yet been released to the market, or (2) MACOM has offered or sold to a customer during or after 2016 but which were not listed on MACOM's websites at either http://www.macom.com/products/amplifiers/distributed-amplifiers or http://www.macom.com/poweramps on or before May 21, 2018.

| | |
|---|---|
| Dated:  June 29, 2018 | Respectfully submitted, |
| | **ANALOG DEVICES, INC. and HITTITE MICROWAVE LLC** |
| | By their attorneys, |
| | */s/ Steven M. Bauer* |
| | Steven M. Bauer (BBO No. 542531) |
| | Kimberly A. Mottley (BBO No. 651190) |
| | Safraz W. Ishmael (BBO No. 657881) |
| | Kimberly Q. Li (BBO No. 698488) |
| | **PROSKAUER ROSE LLP** |
| | One International Place |
| | Boston, Massachusetts 02110-2600 |
| | (617) 526-9600 *telephone* |
| | (617) 526-9899 *facsimile* |
| | sbauer@proskauer.com |
| | kmottley@proskauer.com |
| | sishmael@proskauer.com |
| | kli@proskauer.com |